**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Isidoro Duran MIRELES, also known
as Isidoro Lolo Duran, also known as
Isidoro Duran–Mireles, also known as
Alejandro Mendoza–Duran, Defen-
dant–Appellant.**

No. 11–20305
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2012.

Renata Ann Gowie, Assistant U.S. At-
torney, U.S. Attorney's Office, Houston,
TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public De-
fender, Sarah Beth Landau, Assistant
Federal Public Defender, Federal Public
Defender's Office, Houston, TX, for Defen-
dant–Appellant.

Before SMITH, BARKSDALE, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Isidoro Duran Mireles was sentenced,
*inter alia,* to 42–months' imprisonment fol-
lowing his guilty-plea conviction for illegal
reentry. Duran Mireles contends the sen-
tence, an upward variance from an adviso-
ry Guidelines-sentencing range of 15 to 21
months, is "greater than necessary" and,
thus, substantively unreasonable. 18
U.S.C. § 3553(a). He maintains the dis-
trict court did not give enough weight to:
his advisory Guidelines-sentencing range;
his reason for reentry (to be with his preg-
nant wife); and, the inability of someone
with his limited mental capacity to be de-
terred by a long prison sentence.

Where a sentencing ruling is procedural-
ly sound, the "substantive reasonableness"
of the sentence is reviewed for abuse of
discretion. *Gall v. United States,* 552 U.S.
38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445
(2007). District courts have a duty to
consider the § 3553(a) sentencing factors
and to determine correctly the applicable
Guidelines-sentencing range. *United
States v. Mares,* 402 F.3d 511, 518–19 (5th
Cir.2005). "In reviewing a non-guidelines
sentence for substantive unreasonableness,
the court will consider the totality of the
circumstances, including the extent of any
variance from the Guidelines range."
*United States v. Key,* 599 F.3d 469, 475
(5th Cir.2010) (internal quotation marks
omitted), *cert. denied,* —— U.S. ——, 131
S.Ct. 997, 178 L.Ed.2d 832 (2011). A non-
Guidelines sentence is substantively unrea-
sonable, and an abuse of discretion, if it:
"(1) does not account for a factor that
should have received significant weight, (2)
gives significant weight to an irrelevant or
improper factor, or (3) represents a clear
error of judgment in balancing the sen-

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

tencing factors". *United States v. Smith,* 440 F.3d 704, 708 (5th Cir.2006).

The district court took Duran Mireles' above-described contentions into consideration. But, the court stressed Duran Mireles' pattern of recidivism, noting that he had been convicted of illegal reentry in 2002, returned illegally in 2004, was deported again in 2009, and returned illegally again in 2010. The court also noted that, after returning in 2010, Duran Mireles was indicted for possession of 75 pounds of marijuana and possession of a firearm as a felon. And, the court found that Duran Mireles' prior 27–month sentence had been insufficient to deter him from reentering the country illegally.

It is not possible, let alone required, that district courts give all of the sentencing factors equal weight. *United States v. Hernandez,* 633 F.3d 370, 375 (5th Cir.), *cert. denied,* —— U.S. ——, 131 S.Ct. 3006, 180 L.Ed.2d 832 (2011). The district court was correct to have used its "judgment to weigh the relative importance of each factor in relation to [Duran Mireles]" and did not abuse its discretion by weighing some factors more heavily than others. *Id.*

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.